**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: November 5 2014**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 13-34437 |
| Christina M. Barnes and Christopher G. Barnes, | Chapter 7 |
| | Adv. Pro. No. 14-3017 |
| Debtors. | |
| | Hon. Mary Ann Whipple |
| Phillip Novotny, et al., | |
| Plaintiffs, | |
| v. | |
| Christopher G. Barnes, | |
| Defendant. | |

**MEMORANDUM OF DECISION AND ORDER**

This adversary proceeding is before the court on "Plaintiffs' First Amended Complaint" ("Amended Complaint"). [Doc. #13]. Defendant Christopher G. Barnes is one of the joint debtors in Chapter 7 Case No. 13-34437 in this court. Plaintiffs Christina M. Barnes and Christopher G. Barnes are individual creditors of Defendant.

On March 18, 2014, the Clerk issued an alias summons and notice of pre-trial conference [Doc. # 6]. The return on service [Doc. # 7] shows that the summons and the originally filed Complaint were timely and properly served on Defendant. The summons required an answer or other response to the Complaint

to be filed by April 17, 2014.

On May 7, 2014, the court held a pre-trial scheduling conference on the Complaint. Attorney for Plaintiff appeared by telephone. There was no appearance by or on behalf of Defendant at the pretrial conference and no answer or other response to the Complaint had been filed and served. The Clerk accordingly entered Defendant's default on the Complaint [Doc. ## 10, 11].

At the pre-trial conference, the court granted Plaintiffs leave to file an amended complaint. Plaintiff's filed their Amended Complaint on May 21, 2014, which they served on Defendant by first class United States mail on that date. Defendant was required to file an answer or other response to the Amended Complaint by June 4, 2014. *See* Fed. R. Civ. P. 15(a)(3), Fed. R. Bankr. P. 7015. No answer or response to the Amended Complaint was filed, and Plaintiff filed its Motion for Default Judgment ("Motion") [Doc. # 17]. The Motion was served by first class United States mail on Defendant at the address in his petition. Notice of the scheduled hearing on the Motion was also properly served on Defendant by first class mail sent to the address in his petition. [Doc. # 22].

On October 29, 2014, the court held an evidentiary hearing on the Motion. Plaintiffs and their attorney appeared in person at the hearing. There was no appearance by or on behalf of Defendant. A review of the record shows that no answer or other response to the Amended Complaint or Motion has been filed. Counsel certified in an Affidavit that Defendant is not in the military service of the United States, complying with the Servicemembers Civil Relief Act. [Doc. # 25]. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's Motion will be **GRANTED.**

The legal basis stated by Plaintiff for their Complaint is 11 U.S.C. § 523(a)(2)(A),[1] which provides that a debt incurred under certain circumstances involving fraud shall be excepted from a debtor's bankruptcy discharge. The debt in issue is based on a state court judgment for violation of the Ohio Consumer Sales Practices Act. [Doc. # 13-1]. The district court has jurisdiction over the Defendant's underlying Chapter 7 bankruptcy case and this adversary proceeding. 28 U.S.C. § 1334. The Chapter 7 case and all proceedings arising therein, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-07 of the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to the dischargeability of a particular debt. 28

---

[1] Plaintiff also identified § 523(a)(6) as an alternative statutory basis for their nondischargeability cause of action. The court need not and will not separately address the applicability of this provisions due to the determination that the debt is non-dischargeable under § 523(a)(2)(A).

U.S.C. § 157(b)(1) and (b)(2)(I).

The court finds that notice, including the service of the summons and Complaint pursuant to Fed. R. Bankr. P. 7004(b)(9) and the Amended Complaint, has been duly and properly served upon Defendant at all stages of this adversary proceeding and in the underlying Chapter 7 case. No mail to Defendant from the court to the address shown in the Chapter 7 petition has been returned. The court therefore finds that Defendant has failed to plead or otherwise defend this action as required by the applicable rules of procedure.

Defendant's failure to answer the complaint does not, standing alone, entitle Plaintiff to a default judgment as a matter of right. *American Express Centurion Bank v. Truong (In re Truong),* 271 B.R. 738, 742 (Bankr. D. Conn. 2002); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709 (Bankr. N.D. Ohio 2002); *Columbiana Cnty Sch. Employees Credit Union, Inc. v. Cook (In re Cook)*, 2006 Bankr. LEXIS 446 at *9-10 (B.A.P. 6th Cir. Apr. 3, 2006). In determining whether a default judgment is appropriate, "the court should [accept] as true all of the factual allegations of the complaint, except those relating to damages" and afford plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Yet the court must still decide whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Smith v. Household Fin. Realty Corp. of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001). Where the claim sounds in fraud, the court must evaluate the evidence presented to assure that the plaintiff has presented a prima facie case. *In re Truong*, 271 B.R. at 742.

In this proceeding, neither the Amended Complaint nor the state court judgment were detailed enough to enable the court to find that Plaintiff had established its cause of action for nondischargeability under § 523(a)(2)(A). In accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, which applies in this adversary proceeding pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure, Plaintiff Phillip Novotny ("Plaintiff") provided testimony to the court to substantiate and establish Plaintiffs' § 523(a)(2)(A)) cause of action against Defendant.

Under § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Plaintiffs' Amended Complaint alleges conduct involving "false representations" and "actual fraud. In order to except a debt from discharge under § 523(a)(2)(A) for false representation, a creditor must prove the following elements: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross

3

recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998).

In addition, § 523(a)(2)(A) also addresses "actual fraud" as a concept broader than misrepresentation. *See McClellan v. Cantrell*, 217 F.3d 890, 892-93 (7th Cir. 2000); *Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001). "Actual fraud has been defined as intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud." *Vitanovich*, 259 B.R. at 877 (quoting *Gerad v. Cole (In re Cole)*, 164 B.R. 951, 953 (Bankr. N.D. Ohio 1993)). A debtor's intent to defraud a creditor is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id.* A finding of fraudulent intent may be inferred on the basis of circumstantial evidence or from the debtor's "course of conduct," as direct proof of intent will rarely be available. *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999).

Plaintiffs aver in their Amended Complaint that they hired Defendant to install a new roof on their home and to install insulation in their home, that Defendant marketed the work by stating that Plaintiffs would be entitled to a tax credit if the work was completed by year end, and that Defendant assured them the work would be completed in a timely manner. [Doc. # 13, ¶ 7]. They further aver that they paid Defendant $5,125.00 in advance for the work and that with intent to deceive and defraud Plaintiffs, Defendant performed no work on their home and converted Plaintiffs' funds to his personal use. [*Id.* at 8-9]. In addition, they aver that a state court judgment was entered against Defendant due to his failure to provide the goods and services for which Plaintiffs had paid. [*Id.* at 12]. That judgment was entered by the County Court of Sandusky County, Ohio, and provides that "Defendants violated the Ohio Consumer Sales Practices Act and Ohio Adm. Code 109:4-3-09 by failing to provide agreed upon goods and services after eight weeks and by failing to refund the Plaintiffs' money." [Doc. #13, Ex. A]. It further provides that Plaintiffs are entitled to treble damages under Ohio Revised Code § 1345.09(B) and reasonable attorney fees under Ohio Revised Code § 1345.09(F)(2), "as Defendants' violation was committed knowingly." [*Id.* at 2]. The court found actual damages in the amount of $5,125.00 and entered judgment for treble damages in the amount of $15,375.00, plus interest at the statutory rate from October 4, 2011, Plaintiffs' costs, and reasonable attorney fees. [*Id.* at 2-3]. The court awarded reasonable attorney fees in the amount of $2,743.05. [Doc. # 13, Ex. B].

At the hearing, Plaintiff testified that Plaintiffs obtained a quote from Defendant for installing a new

roof on their home. Defendant encouraged Plaintiffs to also have him install more insulation in their attic, stating that Plaintiffs would be entitled to a $500 tax credit if the work was completed before December 31, 2011. Defendant represented to Plaintiffs that the work would be completed by the end of October. Based upon Defendant's representations, Plaintiffs entered into a contract for both installation of a new roof and the additional insulation and paid Defendant $5,125.00 in advance as a down payment .

Hearing nothing from Defendant by the end of October, Plaintiff called Defendant's place of business, inquiring as to when the work would be done. He was told by Defendant's secretary that there would be a two week delay. However, the work was never even started. Plaintiff repeatedly called Defendant's place of business, but was unable to reach anyone and could only leave messages. In January 2012, Plaintiff visited Defendant at his place of business. Defendant told Plaintiff that there would be another two week delay. Plaintiff instead asked for a refund. Defendant told him that was impossible since he had already purchased the materials to complete the job but that he would back date the work to allow Plaintiff to take advantage of the tax credit. Plaintiff insisted on a refund; however, Defendant refused. Plaintiff never saw any of the materials Defendant claimed had been purchased for the job. Defendant never started the job and never refunded Plaintiffs their down payment.

The court finds that the well-pleaded averments of Plaintiffs' Complaint, as substantiated by Plaintiff's testimony, constitute a valid cause of action under § 523(a)(2)(A) and deems them as true as a result of Defendant's default. The court does not believe that Defendant purchased any materials to complete the work required of him. Had he done so, he could have given the materials to Plaintiffs so that someone else could perform the work or could have returned the materials and refunded Plaintiffs down payment. He did neither and never performed any work on Plaintiffs' home. The court concludes that Defendant never intended to perform under his contract with Plaintiffs. While a mere breach of a contract will not support a finding of fraud, "any debtor who does not intend to perform a contract from its inception has knowingly made a false representation." *Stifter v. Orsine (In re Orsine),* 254 B.R. 184, 188 (Bankr. N.D. Ohio 2000). Plaintiffs' $5,125.00 down payment demonstrates their reliance on Defendant's misrepresentation, and Defendant's acceptance of their funds with no intent to perform under the contract demonstrates his fraudulent intent. Plaintiffs have established that all debt determined by the Sandusky County Court to be owed to them by Defendant, which debt is based upon the same conduct alleged in this proceeding, is non-dischargeable under § 523(a)(2)(A). *See Cohen v. De La Cruz*, 523 U.S. 213 (1998) (interpreting § 523(a) as prohibiting the discharge of any liability arising from the underlying debtor misconduct, including in that action treble damages, punitive damages, attorney's fees and court costs).

Plaintiff's prayer for relief in the Complaint also requests that this court award Plaintiffs attorney fees for pursuit of this proceeding. Generally, under the "American Rule," which applies to litigation in the bankruptcy courts, a prevailing litigant may not collect attorney fees from his opponent unless authorized by federal statute or an enforceable contract between the parties. *In re Sheridan*, 105 F.3d 1164, 1166 (7th Cir. 1997). There must, therefore, be a statute, a contract or other specific rule of common law authorizing an award of attorney's fees. *See Travelers Cas. & Sur. Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007). The court does not find any legal or factual basis for an award of attorney's fees to Plaintiff. There is no basis in the Bankruptcy Code for an award of attorney's fees to a creditor successfully prosecuting a § 523(a)(2) claim. *Cf.* 11 U.S.C. § 523(d)(debtors shall be awarded attorney's fees in certain circumstances not present here). Nothing in § 523(a)(2) indicates that Congress intended the prevailing party to be awarded fees.

Moreover, in accordance with Rule 7008(b) of the Federal Rules of Bankruptcy Procedure, as is currently in effect, "[a] request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate."[2] Thus, attorney's fees must be sought in a bankruptcy adversary proceeding by a separate count of the complaint or other pleading and not merely in the prayer for relief. *E.g.*, *Lawson v. Conley (In re Conley)*, 482 B.R. 191, 208 (Bankr. S.D. Ohio 2012); *Baker v. Wentland (In re Wentland)*, 410 B.R. 585, 602 (Bankr. N.D. Ohio 2009); *Garcia v. Odom (In re Odom)*, 113 B.R. 623, 625 (Bankr. C.D. Cal. 1990); *see V.M. v. S.S. (In re S.S.)*, 271 B.R. 240, 244 (Bankr. D.N.J. 2002). Plaintiff's complaint does not include a count setting forth a claim for attorney's fees; rather, that request is included only in the prayer for relief. The court will not include an award of attorney's fees in the judgment.

Based on the foregoing reasons and authorities, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment [Doc. # 17] be, and hereby is**, GRANTED.** The court will enter a separate judgment in accordance with this Memorandum of Decision and Order.

###

---

[2] Although an amendment to Rule 7008 will delete this requirement, the amended version is not effective until December 1, 2014.